DOWNEY BRAND LLP
SALLIE B. ARMSTRONG (Bar No. 1243)
JAMIE P. DREHER (Bar No. 8794)
MICHELLE N. KAZMAR (Bar No. 10098)
427 West Plumb Lane
Reno, NV 89509
Telephone: (775) 329-5900
Facsimile: (775) 786-5443

Attorneys for Plaintiff
*Randy Soule*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>HIGH ROCK HOLDING, LLC,<br><br>Debtor, | Case No. BK-N-009-53989-GWZ<br><br>Chapter Number: 11<br><br>Adv. No. |
| RANDY SOULE,<br><br>Plaintiff,<br><br>v.<br><br>HIGH ROCK HOLDING, LLC, a Nevada limited liability company; and GRANITE INVESTMENT GROUP, LLC, a Nevada limited liability company,<br><br>Defendants. | **COMPLAINT FOR:**<br>**(1) BREACH OF OBLIGATION;**<br>**(2) UNJUST ENRICHMENT;**<br>**(3) INJUNCTIVE RELIEF**<br>**(4) DECLARATORY RELIEF; AND**<br>**(5) ALLOWANCE OF CLAIM** |

Plaintiff RANDY SOULE ("Plaintiff"), by and through his attorneys, Downey Brand LLP, hereby complains and alleges as follows:

### JURISDICTION AND VENUE

1. This matter is a core proceeding under 28 U.S.C. §157.

2. Venue is proper under 28 U.S.C. §1409(a).

### PARTIES

3. Plaintiff at all times mentioned herein is and was an individual residing in Washoe County, Nevada.

1168439.1

1

COMPLAINT

4. Plaintiff is informed and believes, and upon that basis alleges, that Defendant High Rock Holdings, LLC ("HRH") at all times mentioned herein is and was a Nevada limited liability company formed and existing under the laws of the State of Nevada.

5. Plaintiff is informed and believes, and upon that basis alleges, that Defendant Granite Investment Group, LLC ("GIG") at all times mentioned herein is and was a Nevada limited liability company formed and existing under the laws of the State of Nevada.

6. Plaintiff is informed and believes, and upon that basis alleges, that HRH and GIG are alter egos of one another, in that HRH and GIG at all relevant times have dominated and controlled assets, operations, activities, policies, programs, strategies, and tactics of each other, failed to observe separate corporate formalities, and used the assets, facilities, and employees of each other, as if those assets, facilities, and employees belonged to and/or worked for each entity, to such an extent that any adherence to the fiction of the separate existence of HRH and GIG as entities separate and apart from one another would permit the abuse of a corporate or similar privilege of limited liability, if any, and would promote injustice by allowing HRH and GIG to evade liability or veil assets that should in equity be used to satisfy the judgment and relief sought by Plaintiff.

7. Plaintiff is informed and believes, and upon that basis alleges, that Defendants and their principals were the agents and/or servants of each of the other Defendants, and were acting with permission and consent and within the course and scope of their agency, and that all such Defendants and their principals were responsible in some manner for the events and actions herein referred to.

## GENERAL ALLEGATIONS

8. On or about July 31, 2006, Plaintiff was approached by Ron Weddell ("Mr. Weddell") to fund a loan in the initial amount of $1,000,000.00. The loan was for Mr. Weddell and a number of his companies. The loan was to be paid in full within thirty days.

9. Mr. Weddell and his companies were not able to repay the loan and Plaintiff agreed to not call the loan due.

10. Mr. Weddell and his companies needed a further extension of the loan and

additional loan funds. Therefore, on or about February 6, 2007, Plaintiff further extended the loan and funded an additional $200,000.00. The loan, along with the additional extension, was to be paid in full within thirty days.

11. Mr. Weddell and his companies were not able to repay the loan and Plaintiff agreed to not call the loan due.

12. In October 2007, as partial payment of the loan, Mr. Weddell provided title to various vehicles to Plaintiff. The value of the vehicles did not satisfy in full the loan amount.

13. Mr. Weddell and his companies needed a further extension of the loan and additional loan funds. Therefore, on or about November 29, 2007, Plaintiff further extended the loan and funded an additional $250,000.00. The loan, along with the additional extensions, was to be paid in full within thirty days.

14. As part of this additional transaction, on or about November 30, 2007, Mr. Weddell issued Plaintiff a collateral assignment in the amount of $1,648,000.00 which was secured by certain notes and deeds of trust having a face value of $5,855,128.92. The amount of $1,648,000.00 was to bear interest at the rate of 10.5% per annum.

15. Mr. Weddell and his companies did not pay the loan when due.

16. Without the knowledge of Plaintiff, sometime in October 2007, Mr. Weddell and one of his business partners, Michael B. Stewart ("Mr. Stewart"), agreed to submit various disputes amongst them and their various companies to arbitration.

17. The arbitration panel was chosen by Mr. Weddell and Mr. Stewart and consisted of three local attorneys: (1) Chris Nichols, Esq., (2) F. DeArmond Sharp, Esq., and (3) Jeffrey L. Hartman, Esq.

18. After conducting a hearing and receiving evidence, the arbitration panel determined that

> High Rock Holding, LLC ("HRH") and Granite Investment Group, LLC ("GIG") are Nevada limited liability companies. MBS [Mr. Stewart] and RPW [Mr. Weddell] each own one half of the membership interest in HRH and GIG. HRH and GIG are obligated to repay Randy Soule $1,100,000.00, together with simple interest from the date of the loan at the Nevada statutory interest rate, until paid. HRH and GIG are obligated to repay the obligation to Soule in the respective amounts the loan proceeds were utilized.

1168439.1

3

19. The arbitration panel issued a formal written decision setting forth the above determination (the "Panel Decision").

20. Mr. Weddell filed for bankruptcy on or about May 10, 2009. Mr. Stewart, by and through his attorneys, sought and obtained relief from the automatic stay to proceed in state court to have the Panel Decision confirmed.

21. Thereafter, the Panel Decision was confirmed by the First Judicial District Court of the State of Nevada in and for Carson City on or about May 18, 2009.

22. The court found that Mr. Weddell and Mr. Stewart executed a Memorandum of Understanding ("Memorandum"), wherein Mr. Weddell and Mr. Stewart acknowledged that they had entered into a variety of business relationships and that one of more disputes had arisen with respect to the business transactions in which Mr. Weddell and Mr. Stewart were involved.

23. The court also found that the Mr. Weddell and Mr. Stewart agreed to submit the above disputes to an informal settlement process where a panel would formulate a resolution to the disputes.

24. The court further found that the Mr. Weddell and Mr. Stewart agreed that any resolution would be binding and could be judicially enforced.

25. Sometime after the court confirmed the Panel Decision, Plaintiff first learned of the Panel Decision and the obligation owed to Plaintiff by HRH and GIG.

26. Mr. Weddell caused HRH to file bankruptcy on or about November 8, 2009.

27. Mr. Weddell, HRH and GIG have failed to satisfy the amounts due and owing to Plaintiff.

28. As of July 1, 2011, the amount due and owing from HRH and GIG to Plaintiff is $1,100,000.00 plus interest, which according to the Panel Decision, accrues at Nevada statutory interest rate until paid in full.

## FIRST CLAIM FOR RELIEF

### (Breach of Obligation)

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

30. The principal amount of $1,100,000.00 owed to Plaintiff is a valid and enforceable obligation against HRH and GIG.

31. The Panel Decision is a valid and enforceable obligation against HRH and GIG, of which, Plaintiff is an intended beneficiary.

32. HRH and GIG have breached their obligations to Plaintiff by failing to pay the amounts due and owing.

33. As a result of HRH and GIG's breach of their obligations to Plaintiff, Plaintiff has been damaged in the principal amount of $1,100,000.00, plus interest, which accrues at the Nevada statutory interest rate until paid in full.

34. As a result of HRH and GIG's breach of their obligations to Plaintiff, Plaintiff has been forced to retain counsel to protect his rights and is entitled to attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment/Quantum Merit)

35. Plaintiff realleges and incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36. Plaintiff loaned various sums to Ron Weddell and his companies, of which $1,100,000.00 plus interest, which accrues at the Nevada statutory interest rate was determined to be due and owing from HRH and GIG.

37. HRH and GIG had use of said amount and have failed to pay the amounts due and owing.

38. Because HRH and GIG have refused to pay the amounts due and owing to Plaintiff, HRH and GIG have been unjustly enriched in an amount of $,100,000.00, plus interest which accrues at the Nevada statutory interest rate until paid in full.

## THIRD CLAIM FOR RELIEF

### (Injunctive Relief)

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

40. Plaintiff is informed and believes, and upon that basis alleges, that HRH and GIG

1168439.1

5

had use of the sums above and have been deposited into accounts owned by HRH and/or GIG and used to these funds to purchase various goods and/or for operating revenue.

41. Plaintiff is informed and believes, and upon that basis alleges, that HRH and/or GIG may dissipate their assets during the pendency of this case.

42. If HRH and/or GIG are allowed to dissipate these assets, Plaintiff's attempts to recover the amounts due and owing would be frustrated and Plaintiff would be irreparably harmed.

43. It is essential to this Court's power and ability to render a meaningful decision of the merits of Plaintiff's claims that the status quo be preserved pending trial in this matter.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief)

44. Plaintiff realleges and incorporates by reference paragraphs 1 through 43 as if fully set forth herein.

45. An actual controversy has arisen between Plaintiff and HRH and GIG as to the nature and extent of the obligation owed to Plaintiff.

46. Plaintiff asserts that HRH and GIG are jointly and severally liable for the principal amount of $1,100,000.00, plus accrued interest and attorneys' fees and costs. Plaintiff is informed and believes, and upon that basis alleges, that HRH and GIG dispute that they are jointly and severally liable for the amounts due and owing Plaintiff.

47. Plaintiff desires a judicial determination and declaration of this Court delineating the liability of HRH and GIG, including, but not limited to, whether HRH and GIG are jointly and severally liable for the obligation due and owing Plaintiff.

48. A judicial declaration is appropriate and necessary at this time because Plaintiff must ascertain the scope of liability against HRH and GIG, in part, to determine any recovery that may be due in HRH's pending bankruptcy case.

///

///

///

1168439.1

6

COMPLAINT

## FIFTH CLAIM FOR RELIEF

### (Allowance of Claim)

49. Plaintiff realleges and incorporates by reference paragraphs 1 through 48 as if fully set forth herein.

50. HRH is jointly and severally liable to Plaintiff in the principal amount of $1,100,000.00, plus accrued interest and attorneys' fees and costs.

51. All amounts due and owing to Plaintiff remain unpaid.

52. Plaintiff has a claim against the estate of HRH.

53. HRH has not objected to Plaintiff's claim.

54. Plaintiff's claim against the estate of HRH in the principal amount of $1,100,000.00, plus accrued interest and attorneys' fees and costs should be deemed allowed.

WHEREFORE, Plaintiff prays for relief as follows:

1. For judgment against HRH and GIG in the principal amount of $1,100,000.00, plus accrued interest and attorneys' fees and costs;

2. For a determination that HRH and GIG are jointly and severally liable to Plaintiff in the principal amount of $1,100,000.00, plus accrued interest and attorneys' fees and costs;

3. For allowance of claim against the estate of HRH in the principal amount of $1,100,000.00, plus accrued interest and attorneys' fees and costs;

4. For pre-judgment and post-judgment interest;

5. For attorneys' fees and costs incurred herein; and

6. For such other and further as the Court deems proper.

DATED: July 25, 2011

DOWNEY BRAND LLP

By: /s/ Sallie B. Armstrong
SALLIE B. ARMSTRONG
JAMIE P. DREHER
MICHELLE N. KAZMAR
*Attorneys for Plaintiff*
*Randy Soule*

1168439.1

7

COMPLAINT